UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

REUBEN STARNES, SR.,                    )
                                        )
        *Plaintiff*,                    )
                                        )
v.                                      )       No. 4:16-CV-22-CLC-CHS
                                        )
BEDFORD COUNTY/ JAIL/SHERIFF            )
DEPARTMENT,                             )
                                        )
        *Defendants*.                   )

## MEMORANDUM & ORDER

Acting pro se, Reuben Starnes, Sr., a prisoner in the Bedford County Jail in Shelbyville,

Tennessee, brings this civil rights complaint under 42 U.S.C. § 1983, asserting that he has been

subjected to medical mistreatment at the Jail [Doc. 1].[1] Plaintiff has named as Defendants the

"Bedford County/Jail/Sheriff Department."

## I.      PLAINTIFF'S ALLEGATIONS

Plaintiff's first claim is that he was denied medication to treat his back pain by Head

Nurse John Clark and Dr. Matthews and was told to purchase it from the commissary. When

Plaintiff informed these health care providers that he was indigent, they responded, "tough luck"

[Doc. 1 p.4]. Plaintiff maintains that he has had two back surgeries, that he is in constant pain,

and, somewhat contradictorily, that Nurse Clark ignored his request to see the doctor [*Id.*].

Plaintiff's second claim, which is related to the first one, is that he has a tooth that is

abscessed, one that is loose, and one with a hole in it down to its root and that Captain Lokey

informed him that the County will pay the costs for the extraction of two teeth, but that Nurse

---

[1] This action, filed originally in the Middle District, was transferred to this Court based
on venue, after the filing fee was assessed [Doc. 3].

John Clark told Plaintiff it would take two months to secure a dental appointment [*Id.* at 4, 6]. Plaintiff asserts that he complained to Captain Lokey about not receiving medications and that he was told by Captain Lokey "for the nurse to set up an appointment, but [that he] ha[s]n't heard anything in two months" [*Id.* at 6]. Plaintiff contends that, in the meantime, his dental problems cause pain to his head, the whole side of his face, and his ear behind his left eye socket [*Id.*].

Plaintiff requests relief in the form of pain medication for his back, "even if it is only 800 mg of ibuprofen;" extraction of his affected teeth; and compensation for his pain and suffering [*Id.* at 7].

## II.    SCREENING & LEGAL STANDARDS

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If the latter, this suit must be dismissed. In performing this task, the Court bears in mind the rule that pro se pleadings must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The "facial plausibility" standard does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A plaintiff cannot rely on "legal conclusions couched as factual allegations" or "[t]hreadbare recitals of the elements of a cause of

action," but must plead more than "a sheer possibility that a defendant has acted unlawfully." *Id.* The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the complaint under these guidelines.

## III.   LAW & ANALYSIS

As far as the Court can discern, Plaintiff has named three Defendants—Bedford County, Tennessee (the "County"), the Bedford County Jail, and the Bedford County Sheriff's Department.   None of these claims, however, can advance in this lawsuit because two Defendants are not subject to suit under § 1983, and because Plaintiff has failed to state a claim against the third Defendant.

The law is clear that "municipalities and other local government units [are] to be included among those persons to whom § 1983 applies [and they] therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Bedford County Jail is not a municipality or local governmental unit; instead, it is a building, which is not a suable entity within the meaning of 42

U.S.C. § 1983. *Id.* at 688–90 and n. 55 (finding that in a suit against a local government unit, only "bodies politic" are "persons" who are amenable to be sued under § 1983); *Marbry v. Correctional Medical Services*, 2000 WL 1720959, at*2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983") (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Likewise, the Bedford County Sheriff's Department is neither a "person" nor a political or corporate body within the terms of § 1983. *Monell*, 436 U.S. at 689-90 n.53. Indeed, the Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued); *Newby v. Sharp*, No. 3:11-cv-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012) (same, county sheriff's department); *Bradford v. Gardner*, 578 F.Supp. 382, 383 (E.D.Tenn. 1984) (noting that "[w]hile state law makes the sheriff the appropriate defendant in such an action, the Sheriff's department itself is not a suable entity under Section 1983") (citing *Williams v. Baxter*, 536 F.Supp. 13, 16 (E.D. Tenn. 1981)).

Thus, because neither the Bedford County Jail nor the Bedford County Sheriff's Department are entities which are subject to suit in a § 1983 action, Plaintiff fails to state a claim against these two Defendants. The same is not true with respect to the County. *See Monell*, 436 U.S. at 690 (finding municipalities to be suable entities under § 1983).

However, the County is not liable for an injury inflicted solely by an employee or agent on a theory of *respondeat superior*. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) ("As we

4

have already explained here and over the years, a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis."). In other words, the County cannot be held liable merely because it employs a tortfeasor. *Monell*, 436 U.S. at 691.

Instead, to succeed on a claim against Defendant County, Plaintiff must show: (1) he has suffered harm because of a constitutional violation, and (2) a policy or custom of the County caused the harm, since "municipal liability attaches only where a constitutional violation results from the 'execution of a government's policy or custom.'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000)).

Put simply, Plaintiff must "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.*" Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (citation omitted). Additionally, Plaintiff must show that the County was itself a "moving force" behind the deprivation, so that its policy or custom "must have played a part" in the constitutional violation. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

Plaintiff has not identified a policy or custom which caused his injury. *See Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403-04 (1997) ("Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."). And having failed to identify a policy, Plaintiff has not provided allegations to connect a policy to the County or show how that policy caused his injury.

Thus, because Plaintiff has failed to allege the essential elements of § 1983 claim against this governmental entity, he likewise fails to state a claim against the County. But, even if Plaintiff had named proper defendants, his medical claims are dubious.

5

The Cruel and Unusual Punishment provision of the Eighth Amendment protects prisoners from the infliction of "unnecessary and wanton pain and suffering." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[D]eliberate indifference to the serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'" which violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

An Eighth Amendment claim is composed of two parts: an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires him to show a sufficiently culpable state of mind—one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 and 842 (1994). Yet, a prisoner whose claims are based on a theory of medical negligence has not stated a claim under § 1983 because medical malpractice is not a constitutional violation. *Estelle*, 429 U.S. at 106. Also, no claim is stated where some medical treatment is given and the dispute is over the adequacy of such treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). For example, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff's first claim (i.e., that medical professionals declined to supply him with pain medication for serious back pain and told him to obtain the medication from the commissary, to which he retorted he was indigent, implying that he could not afford to pay for it) appears to amount to nothing more than a difference of opinion between Plaintiff and the medical care providers. And this is not a cognizable constitutional claim. As noted, where a prisoner receives some medical care and the dispute is over its adequacy, "federal courts are generally reluctant to

6

second guess medical judgments and to constitutionalize claims which sound in tort law." *Westlake*, 537 F.2d at 860 n. 5.

Nonetheless, Plaintiff could state an Eighth Amendment claim if he could establish that his back pain constituted a serious medical need, that he was unable to afford pain medication from the Commissary, and that he suffered unnecessary pain as a result of being denied free medication. *See id.* at 860. The Court is skeptical of this claim, however, given that Plaintiff's inmate trust account records reflect an average balance of $66.70 for the last six-months [Doc. 2 p.2]. *Cf. Bailey v. Carter*, 15 Fed. App'x 245, 250 (6th Cir. 2001) (finding inmates' Eighth Amendment claim meritless where they alleged they were required to pay for medication, not that they were denied medication).

Likewise, Plaintiff's claim that he has an abscessed tooth but is being required to wait two months to see the dentist might survive screening if Plaintiff had supplied more facts. While "[p]rison officials must provide inmates with medical care that is adequate in light of the severity of the condition and professional norms," *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015), there are insufficient facts showing when and if Plaintiff received medical care for his abscess from any medical staff member or whether the medical care, if rendered, was adequate in light of the severity of his dental problem and dental care norms.

However, even if Plaintiff has alleged a serious medical need, *see Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015) (observing that an abscessed tooth is painful, is dangerous and "is a bacterial infection . . . [which] can spread to the adjacent gum and beyond—way beyond"), he has failed to show a state of mind of deliberate indifference, since no inference can be drawn about the state of mind of a defendant who has not been identified.

## IV.    CONCLUSION

Based on the above discussion, Plaintiff will be offered the opportunity to amend his complaint to correct the deficiencies noted herein with regard to his medical claims. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (finding that "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

Accordingly, unless Plaintiff amends his claims within twenty-one (21) days from the date on this order, this case will be **DISMISSED** for failure to state a claim entitling him to relief under 42 U.S.C. § 1983.

**SO ORDERED.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**